IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 25-3820 JB

CODY LAWEKA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Sentencing Memorandum and Objections to the Pre-Sentence Report, filed February 10, 2026 (Doc. 20)("Objections"). The sentencing is scheduled for March 23, 2026. The primary issue is whether the Court should apply a 2-level obstruction-of-justice enhancement, because Defendant Cody Laweka hides a shotgun after using it to fire shots at a white Acura, with two occupants in the car. The Court applies a 2-level obstruction-of-justice enhancement, because Laweka willfully obstructs or impedes or attempts to impede the administration of justice with respect to the investigation, prosecution, or sentencing. Accordingly, because the Court accepts the Plaintiff United States of America's argument as to the obstruction-of-justice enhancement, the Court also lowers Laweka's offense level one additional level for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

## FACTUAL BACKGROUND

Neither party objects to the facts in the Presentence Investigation Report, filed January 29, 2026 (Doc. 18)("PSR"). Those undisputed facts are the Court's finding of fact. See Fed. R. Crim. P. 32(i)(3)(A) ("[The court] may accept any undisputed portion of the presentence report as a finding of fact.").

On February 2, 2025, officers with the Zuni Police Department were dispatched to a private residence within the exterior boundaries of the Zuni Pueblo for reports of multiple shots fired and of a vehicle leaving the reported area. See PSR ¶ 11, at 5. Officers respond to the residence and make contact with John Doe. See PSR ¶ 11, at 5. John Doe states that Laweka is the shooter, and that he shot at John Doe while John Doe is driving a truck, before Laweka departs the area in a pickup truck. See PSR ¶ 11, at 5. Law enforcement officers depart the scene and locate a truck matching the description of the one Laweka uses during the shooting. See PSR ¶ 13, at 5. Officers note that the truck belongs to an individual that is dating Laweka's sister, and officers believe Laweka is living at the residence. See PSR ¶ 13, at 5. A search warrant is issued for the property and, at approximately 8:00 a.m. on February 3, 2025, officers assist the Federal Bureau of Investigation ("FBI") in the execution of the search warrant. See PSR ¶ 14, at 5. The owner of the residence states that he drives Laweka to the crime scene residence the night before and provides him with the 12-gauge shotgun. See PSR ¶ 14, at 5. Laweka's sister arrives on the scene and informs officers that Laweka is at another residence and is planning to leave Zuni to return to Albuquerque, New Mexico. See PSR ¶ 14, at 5. Officers respond to the residence and see Laweka running away from the residence on foot. See PSR ¶ 15, at 5. Officers are able to catch and arrest Laweka. See PSR ¶ 15, at 5. After his arrest, Laweka admits to firing multiple rounds at the vehicle the night before. See PSR ¶ 15, at 5. When asked where the shotgun is, Laweka tells officers that he leaves it on the side of State Highway 53 the night before, when he is walking home after the shooting. See PSR ¶ 15, at 5. After a search of the relevant area, officers are unable to locate the firearm. See PSR ¶ 15, at 5.

## ANALYSIS

The United States argues that a 2-level obstruction-of-justice enhancement should apply pursuant to U.S.S.G. § 3C1.1, because, "[i]n taking and hiding another person's shotgun,

-2-

Defendant intentionally concealed evidence material to this case." Objections at 2. The United States maintains that "[t]his is especially true given that Zuni Police searched the area where Defendant claimed he abandoned the shotgun, but did not locate it, which casts doubt upon Defendant's narrative that he merely abandoned (rather than purposefully hid) the firearm." Objections at 2-3. The USPO responds to this Objection and maintains that the 2-level obstruction-of-justice enhancement does not apply. See Addendum to the Presentence Report at 1, filed February 20, 2026 (Doc. 23)("Addendum"). The USPO points to U.S.S.G. § 3C1.1 application note 4(D), which states that, "if such conduct occurred contemporaneously with arrest . . . it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." Addendum at 2 (quoting U.S.S.G. § 3C1.1). The USPO states that it appears as if Laweka leaves the shotgun on the side of the road contemporaneously with the offense, because he leaves the gun as he is walking home "almost immediately following the instant offense." Addendum at 2. Further, the USPO concludes that his conduct is not a material hindrance to either the investigation or prosecution of the offense or to Laweka's sentencing, because Laweka takes responsibility for the offense during a post-arrest interview, discloses to the officers the location where he leaves the firearm, and pleads guilty to Assault with a Dangerous Weapon, Crime in Indian Country, and Using and Carrying a Firearm During and in Relation to a Crime of Violence and Discharging a Firearm in Furtherance of Such Crime. See Addendum at 2. The Court does not agree with the USPO and applies the 2-level obstruction-of-justice enhancement pursuant to § 3C1.1.

U.S.S.G. § 3C1.1 states:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the

obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. Application Note 4 provides examples of covered conduct, and includes "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding." U.S.S.G. § 3C1.1 Application Note 4. Application Note 4 also explains, however, that "if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." U.S.S.G. § 3C1.1 Application Note 4. The USPO misreads Application Note Four's material hindrance exception for conduct contemporaneous with the offense, instead of for conduct contemporaneous with the arrest. See Addendum at 2 ("In this case it appears that the defendant leaving the shotgun on the side of the road happened contemporaneously with the offense as it occurred . . ."). Laweka's conduct in hiding the gun is not contemporaneous with the arrest. In the United States Court of Appeals for the Tenth Circuit, contemporaneous with the arrest requires that the obstructive conduct occurs "just prior to the arrest, as when the police are at the defendant's door." United States v. Hankins, 127 F.3d 932, 935 (10th Cir. 1997). Laweka's conduct here is not contemporaneous with arrest, because he disposes of the gun while walking home, before the police have obtained a search warrant for the property where he lives or identified Laweka's location. See PSR ¶ 15, at 5. Accordingly, the Court determines that Laweka does not dispose of the gun contemporaneous with arrest, and, therefore, the conduct does not have to be a material hindrance to the investigation or prosecution of the offense or sentencing to apply the enhancement.

Further, the Court concludes that Laweka's conduct meets the requirements of § 3C1.1. The shotgun is material evidence of the shooting to which he later pleads guilty, and dropping the shotgun off on the side of the road demonstrates a willful attempt to obstruct or impede the investigation into this shooting by disposing of material evidence. The Court determines that disposing of the shotgun so that it is no longer in his possession is sufficient to constitute obstruction. The Court also concludes that the fact that Laweka later tells the officers where he leaves the shotgun does not negate the fact that his actions in the moment constitute obstruction, especially given that the United States never finds the shotgun. Finally, the Court determines that § 3C1.1 still applies even though the official investigation into the shooting does not yet begin at the time that Laweka disposes of the shotgun. The Court determines that Laweka is aware, after committing a shooting in public, that it is likely there will shortly be an investigation into said shooting, and accordingly his conduct in disposing of the shotgun is "purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction," such that the enhancement still appropriately applies. U.S.S.G. § 3C1.1 Application Note 1. See also United States v. Norman, 129 F.3d 1393, 1399 (10th Cir. 1997)("Norman")("Obstructive conduct undertaken prior to an investigation, . . . prior to any indication of an impending investigation, . . . does not fulfill [§ 3C1.1's] nexus requirement")(quoting United States v. Gacnik, 50 F.3d 848, 852 (10th Cir. 1995)). In Norman, the Tenth Circuit upholds the application of the obstruction of justice enhancement for a defendant who attempts to conceal methamphetamine after he crashes a car, because he anticipates an investigation of the car accident. See 129 F.3d at 1399. Similarly, in United States v. Mills, the Tenth Circuit upholds the application of the obstruction of justice enhancement for a prison guard who destroys a tape recording of him beating a prisoner, because the Tenth Circuit determines that the prison guard "knew that an investigation would be conducted, and he understood the importance of the tape in that investigation." 194 F.3d 1108, 1115 (10th Cir.

-5-

1999)("Mills").  The Court determines that, like the defendants in both Norman and Mills, Laweka anticipates that there will be an investigation into the shooting that he conducts.  This is because of its public nature, making it likely that the police have been alerted to the shooting's occurrence, and therefore, his actions in disposing of the shotgun on his way home from the shooting are "purposefully calculated, and likely, to thwart the investigation" of the offense.  U.S.S.G § 3C1.1 Application Note 1.  See also PSR ¶ 15, at 5 (explaining that police officers are unable to locate the firearm after an area search of the location where Laweka describes leaving the shotgun). Accordingly, the Court will apply the 2-level obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1.  Application of this enhancement raises Count 1's total-offense level from 14 to 16.

The United States notes that, if the Court accepts its argument as to the obstruction-of-justice enhancement, the Court then must award Laweka an additional level for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  Because the Court accepts the United States' argument as to the obstruction-of-justice enhancement, the Court accordingly decreases an additional level for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  This reduction, added to his existing reduction of two levels for acceptance of responsibility, lowers Laweka's total offense level for Count 1 from 16 to 13.

**IT IS ORDERED** that: (i) the Objections in the United States' Sentencing Memorandum and Objections to the Pre-Sentence Report, filed February 10, 2026 (Doc. 20), are sustained; (ii) the 2-level U.S.S.G. § 3C1.1 enhancement applies; (iii) the 1-level U.S.S.G. § 3E1.1(b) reduction applies; (v) the applicable offense level for Count 1 is 13; (vi) the applicable criminal history category is IV; and (vii) the United States Sentencing Guidelines establish an imprisonment range of 24 to 30 months for Count 1, plus an additional 10 years for Count 2, for a total guideline sentencing range of 144 to 150 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
 Deputy Attorney General
Ryan Ellison
 First Assistant United States Attorney
Zachary Jones
 Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

 *Attorneys for Plaintiff*

Ryan Villa
The Law Office of Ryan J. Villa
Albuquerque, New Mexico

--and--

William D. Greig
The Law Office of William D. Greig
Albuquerque, New Mexico

 *Attorneys for Defendant*